**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| LISA LYNN FERGUSON, | ) | |
| | ) | |
| Petitioner/Defendant, | ) | |
| | ) | CIVIL NO. 07-847-GPM |
| vs. | ) | |
| | ) | CRIMINAL NO. 06-40018-GPM |
| UNITED STATES OF AMERICA , | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 (Doc. 2), followed by Petitioner's motion to amend (Doc. 3). With the motion to amend, Petitioner has submitted a "substituted motion" under § 2255 (Doc. 4). As explained in the motion, the reason for this substitution is to replace the original with a version that includes a signature of Petitioner as well as her counsel. The motion to amend is **GRANTED**.

Pursuant to a plea agreement, Petitioner pleaded guilty to charges involving the manufacture and distribution of methamphetamine. On November 27, 2006, Petitioner was sentenced to 168 months imprisonment, five years supervised release, a fine of $1,000, and a special assessment of $100. She did not appeal her sentence or conviction, but she later filed the instant motion under § 2255.

Petitioner entered into a plea agreement with the Government in an attempt to benefit herself. In exchange for the benefits she received, Petitioner waived her right to a direct appeal and to a collateral attack under Section 2255. Specifically, the plea agreement provides in relevant part:

> The Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence. Acknowledging all this, and in exchange for the recommendations and concessions made by the Government in this plea agreement, the Defendant knowingly and voluntarily waives her right to contest any aspect of her conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court, the Defendant reserves the right to appeal the reasonableness of the sentence. The Defendant acknowledges that in the event such an appeal is taken, the Government reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more than severe than that recommended by the Government. Defendant knowingly and voluntarily waives her right to seek a pardon, whether before or after her release from custody.

Plea agreement at ¶ III.2. (Doc. 17, criminal case).

The Seventh Circuit has held that "a waiver of a right to appeal contained within a guilty plea is enforceable," provided the waiver is knowing and voluntary. *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir. 1997); *United States v. Schmidt*, 47 F.3d 188, 190 (7th Cir. 1995); *see also United States v. Wenger*, 58 F.3d 280, 281 (7th Cir. 1995). In this motion, Petitioner argues that her waiver was not knowing and voluntary, due to the ineffective assistance of counsel throughout the entire proceeding. As a basis for this argument, she claims that counsel was ineffective in negotiating the plea agreement, that he repeatedly assured her that her sentence would not be greater than that of her co-defendant, and that he would ensure that the Government filed a timely motion for reduction of sentence under Federal Rule of Criminal Procedure 35 within one year of her sentencing.

The Court **ORDERS** the Government to file a response to Petitioner's motion within **THIRTY (30) DAYS** of the date of this Order. In its response, the Government shall first address whether the plea agreement, and thus the waiver provision, are enforceable. Assuming the Court finds that the waiver provision is not enforceable, the Government shall also address the substantive arguments presented in this motion. The Government shall, as part of its response, attach all relevant portions of the record.

**IT IS SO ORDERED.**

DATED: 07/24/08

*s/ G. Patrick Murphy*
G. Patrick Murphy
United States District Judge