IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LISA LYNN FERGUSON, ) | |
| ) | |
| Petitioner/Defendant, ) | |
| ) | CIVIL NO. 07-847-GPM |
| vs. ) | |
| ) | CRIMINAL NO. 06-40018-GPM |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent/Plaintiff. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on Petitioner's § 2255 motion to vacate, set aside, or correct sentence. She claims ineffective assistance of counsel during plea negotiations. The Government responded to Petitioner's motion as ordered by this Court. For the following reasons, the motion is denied.

## FACTUAL BACKGROUND

Petitioner, Lisa Lynn Ferguson, was indicted for conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing methamphetamine. Attorney Greg E. Roosevelt was then appointed to represent her. She pleaded guilty on August 14, 2006, pursuant to a written plea agreement.[1]

The plea agreement contains an appellate waiver. Petitioner stipulated she received over 21

---

[1] While not particularly relevant to this motion, the Court notes that Petitioner's bond was continued after her guilty plea. The Government appealed that decision, but the appeal was dismissed after Petitioner moved for and was granted voluntary surrender before sentencing.

kilograms of methamphetamine from her co-conspirator, Thomas Leonard.[2] A pound of methamphetamine was found in her home. The plea agreement anticipated a sentencing range of 168-210 months.

The presentence investigation report (PSR) determined the appropriate guideline range to be 188 to 235 months and Attorney Roosevelt objected to that calculation. The objection was withdrawn but the Court nonetheless found the appropriate guideline range to be that contemplated in the plea agreement. On November 27, 2006, Petitioner was sentenced to 168 months imprisonment, five years supervised release, a $1,000 fine, and a $100 special assessment.[3] She did not appeal her sentence or conviction.

On December 7, 2007, through attorney Santo J. Volpe, Petitioner moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct the judgment issued November 27, 2006, based on ineffective assistance of counsel during plea negotiations. She later filed an amended motion which includes the signatures of Petitioner and her counsel.

Her argument is that Attorney Roosevelt repeatedly assured her that her sentence would not be greater than that of her co-conspirator and the Government would file a motion to reduce her sentence. And, she's unhappy that Roosevelt did not call witnesses at her sentencing hearing.

The Government responded to Petitioner's motion with an affidavit of Attorney Roosevelt. As it turns out, the Government did move to reduce her sentence as predicted by her lawyer. That

---

[2]Leonard was prosecuted and cooperated with the Government by verifying that he was the source of Ferguson's methamphetamine.

[3]Petitioner's change of plea and sentencing hearings were conducted by the Honorable James L. Foreman. The case was assigned to the undersigned after Judge Foreman retired.

motion was granted in October 2007, reducing Petitioner's sentence to 112 months.[4]

## DISCUSSION

### A. Evidentiary Hearing

A 28 U.S.C. § 2255 motion does not mandate an evidentiary hearing. *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir. 1996); *see also Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001). "[A] district court *must* grant an evidentiary hearing when the petitioner alleges facts that, if proven, would entitle [her] to relief." *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006) (emphasis in original) (internal quotations omitted). However, if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief" then a hearing is not required. *Id*. Allegations that are "vague, conclusory, or palpably incredible rather than detailed and specific" do not warrant a hearing. *Bruce*, 256 F.3d at 597. Likewise, "mere speculation" does not warrant an evidentiary hearing, as the petitioner "must file detailed and specific affidavit showing he has actual proof of allegations he is making." *Miller v. United States*, 183 Fed. Appx. 571, 578 (7th Cir. 2006). For evidentiary hearing consideration, the Seventh Circuit requires a petition made pursuant to 28 U.S.C. § 2255 to "include an affidavit setting forth the specific basis for relief." *Kafo*, 467 F.3d at 1067. An affidavit accompanying the petition is a threshold requirement – "its absence precludes the necessity of a hearing." *Id*. The specific allegations in the petition and accompanying affidavit must go beyond merely unsupported assertions, as "[m]ere unsupported allegations cannot sustain a petitioner's request for a hearing. *Prewitt* 83 F.3d at 819.

---

[4]The motion and Order are sealed in the criminal case. They are discussed here because Petitioner has raised the issue and did not withdraw the argument after it became moot.

Petitioner Ferguson's § 2255 motion does not specifically request an evidentiary hearing, nor is such a hearing warranted. Though she provides an affidavit to meet the threshold requirement for a hearing, she alleges no facts in her motion or supporting affidavit that, if true, would entitle her to § 2255 relief. The Court's careful review of the motion, files, and records leads the Court to conclude that an evidentiary hearing is not required in this case.

**B.     Legal Standards**

**1.     Collateral Review Under 28 U.S.C. § 2255**

Section 2255 requires a court to vacate, set aside, or correct the sentence of a prisoner in custody if it finds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. "Habeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Kafo*, 467 F.3d at 1068, *quoting Prewitt,* 83 F.3d at 816. There are "significant procedural hurdles" to consideration of a petitioner's habeas claim. *Bousley v. United States*, 523 U.S. 614, 615 (1998). Collateral relief is appropriate only when the error is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Barnickel v. Unites States,* 113 F.3d 704, 705 (7th Cir. 1997). Habeas relief under § 2255 is not a substitute for direct appeal. *Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000). Thus, "[c]laims not raised on direct appeal are barred from collateral review unless upon review, we have been convinced that a failure to consider the issue would amount to a fundamental miscarriage of justice." *Id*. at 433. Specifically, a § 2255 motion "can *not* raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could

Petitioner Ferguson's § 2255 motion does not specifically request an evidentiary hearing, nor is such a hearing warranted. Though she provides an affidavit to meet the threshold requirement for a hearing, she alleges no facts in her motion or supporting affidavit that, if true, would entitle her to § 2255 relief. The Court's careful review of the motion, files, and records leads the Court to conclude that an evidentiary hearing is not required in this case.

**B.     Legal Standards**

**1.     Collateral Review Under 28 U.S.C. § 2255**

Section 2255 requires a court to vacate, set aside, or correct the sentence of a prisoner in custody if it finds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. "Habeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Kafo*, 467 F.3d at 1068, *quoting Prewitt,* 83 F.3d at 816. There are "significant procedural hurdles" to consideration of a petitioner's habeas claim. *Bousley v. United States*, 523 U.S. 614, 615 (1998). Collateral relief is appropriate only when the error is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Barnickel v. Unites States,* 113 F.3d 704, 705 (7th Cir. 1997). Habeas relief under § 2255 is not a substitute for direct appeal. *Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000). Thus, "[c]laims not raised on direct appeal are barred from collateral review unless upon review, we have been convinced that a failure to consider the issue would amount to a fundamental miscarriage of justice." *Id*. at 433. Specifically, a § 2255 motion "can *not* raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could

Petitioner Ferguson's § 2255 motion does not specifically request an evidentiary hearing, nor is such a hearing warranted. Though she provides an affidavit to meet the threshold requirement for a hearing, she alleges no facts in her motion or supporting affidavit that, if true, would entitle her to § 2255 relief. The Court's careful review of the motion, files, and records leads the Court to conclude that an evidentiary hearing is not required in this case.

**B.     Legal Standards**

**1.     Collateral Review Under 28 U.S.C. § 2255**

Section 2255 requires a court to vacate, set aside, or correct the sentence of a prisoner in custody if it finds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. "Habeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Kafo*, 467 F.3d at 1068, *quoting Prewitt,* 83 F.3d at 816. There are "significant procedural hurdles" to consideration of a petitioner's habeas claim. *Bousley v. United States*, 523 U.S. 614, 615 (1998). Collateral relief is appropriate only when the error is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Barnickel v. Unites States,* 113 F.3d 704, 705 (7th Cir. 1997). Habeas relief under § 2255 is not a substitute for direct appeal. *Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000). Thus, "[c]laims not raised on direct appeal are barred from collateral review unless upon review, we have been convinced that a failure to consider the issue would amount to a fundamental miscarriage of justice." *Id*. at 433. Specifically, a § 2255 motion "can *not* raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could

have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, *unless* the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal." *Belford v. United States,* 975 F.2d 310, 313 (7th Cir. 1992) (emphasis in original), *overruled on other grounds by Castellanos v. United States,* 26 F.3d 717 (7th Cir. 1994).

Despite these proscriptions on the availability of § 2255 collateral review, procedural default can not serve as the reason for dismissing an ineffective assistance of counsel § 2255 claim. *Fuller v. United States*, 398 F.3d 644, 650 (7th Cir. 2005). Ineffective assistance of counsel claims "may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003). In fact, the Seventh Circuit has identified § 2255 motions as a more appropriate venue than direct appeal for raising ineffective assistance of counsel claims, as the opportunity to adequately "develop the factual predicate for the claim" arises independent of the trial record. *Id*. Petitioner Ferguson's grounds for relief pursuant to § 2255 are couched as ineffective assistance of counsel claims.

### 2. Ineffective Assistance of Counsel

If a § 2255 motion claiming ineffective assistance of counsel survives preliminary review and is considered on its merits, the Court evaluates the claim under the two-prong *Strickland* test. *McDowell v. Kingston*, 497 F.3d 757, 761 (7th Cir. 2007), *citing Strickland v. Washington*, 466 U.S. 668, 694 (1984). There is a heavy burden of proof on a defendant asserting an ineffective assistance of counsel claim. *Harris v. Reed*, 894 F.2d 871, 874 (7th Cir. 1990). "The benchmark for judging any claim to ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just

result." *Strickland*, 466 U.S. at 686. Under *Strickland*, the petitioner must prove (1) that her attorney's performance fell below an objective standard of reasonableness and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *McDowell*, 497 F.3d at 761. If the Court finds *either* the performance *or* the prejudice component of the ineffective assistance claim deficient under the *Strickland* test, then there is no need to consider the sufficiency of the other component. *United States v. Slaughter*, 900 F.2d 1119, 1124 (7th Cir. 1990). "A defendant's failure to satisfy either prong is fatal to [her] claim." *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993).

### a. Review of Attorney Performance

The Court's review of attorney performance is "'highly deferential,' with the underlying assumption that 'counsel's conduct falls within the wide range of reasonable professional assistance.'" *United States v. Holman*, 314 F.3d 837, 840 (7th Cir. 2002), *quoting Strickland*, 466 U.S. at 689. Counsel is "strongly presumed to have rendered adequate assistance and to have made significant decisions in the exercise of his or her reasonable professional judgment." *Cooper v. United States*, 378 F.3d 638, 641 (7th Cir. 2004). The Court presumes that counsel made reasonable strategic choices unless the petitioner produces evidence rebutting that presumption. *Id*. Hence, it is "not easy for a petitioner to show that [her] counsel's performance was objectively ineffective, as…'[t]he reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential.'" *Hartjes v. Endicott*, 456 F.3d 786, 790 (7th Cir. 2006), *quoting Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). In order to establish that counsel's performance was deficient,

the defendant must show errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Hartjes*, 456 F.3d at 790.

### b.     Prejudicial Effect of Attorney Performance

Proving that deficient performance of counsel actually prejudiced the defense requires a showing of the "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Benefiel v. Davis,* 357 F.3d 655, 661 (7th Cir. 2004), *citing Strickland,* 466 U.S. at 694; *see also Williams v. Taylor*, 529 U.S. 362, 363 (2000). This test is also "highly deferential to counsel and presumes reasonable judgment and effective trial strategy." *Hays v. United States*, 397 F.3d 564, 568 (7th Cir. 2005). The defendant must demonstrate that counsel's error actually had an adverse effect. *Strickland,* 466 U.S. at 693. However, "[n]ot every adverse consequence of counsel's choices is 'prejudice' for constitutional purposes." *United States v. Springs*, 988 F.2d 746, 749 (7th Cir. 1993). Counsel's conduct must be shown to have "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cooper*, 378 F.3d at 642, *citing Strickland*, 466 U.S. at 686. The defendant must prove that counsel's ineffectiveness deprived her a substantive or procedural right to which she is entitled by law. *Williams v. Taylor*, 529 U.S. at 363. For example, in order to satisfy *Strickland*'s prejudice prong, a defendant who pleaded guilty and then alleges ineffective assistance of counsel during plea negotiations in a 28 U.S.C. § 2255 motion must prove that there is a reasonable probability that, but for counsel's deficient performance, she would not have pleaded guilty. *Hays*, 397 F.3d at 568. The defendant must introduce objective evidence in support of her § 2255 motion – self-serving testimony is not sufficient to prove the prejudice component of the *Strickland* test for ineffective assistance of counsel. *McCleese v. United States,* 75 F.3d 1174, 1179

(7th Cir. 1996); *cf. Toro v. Fairman*, 940 F.2d 1065, 1068 (7th Cir. 1991) (finding defendant did not present sufficient evidence to satisfy *Strickland* prejudice prong when defendant never stated that he would have accepted the guilty plea but for his counsel's advice and did not present objective evidence to that effect).

### 3. Waiver of Appellate and Collateral Attack Rights

The Court will enforce a plea agreement's appellate and collateral attack waiver "if its terms are clear and unambiguous and the record shows that the defendant knowingly and voluntarily entered into the agreement." *Unites States v. Blinn*, 490 F.3d 586, 588 (7th Cir. 2007). Courts may consider a defendant's signature on the plea agreement and her statements during the plea colloquy as evidence of a knowing and voluntary waiver. *See United States v. Jemison*, 237 F.3d 911, 917 (7th Cir. 2001); *United States v. Schuh,* 289 F.3d 968, 975 (7th Cir. 2002). "[A] careful plea colloquy under Rule 11 ensures that the guilty plea is knowing and voluntary." *Schuh,* 289 F.3d at 975. The Court is "not required to conduct a specific dialogue with the defendant concerning the appeal waiver, so long as the record contains sufficient evidence to determine whether the defendant's acceptance of the waiver was knowing and voluntary." *Jones v. United States*, 167 F.3d 1142, 1144 (7th Cir. 1999). Representations made during plea hearings are "entitled to a presumption of verity." *United States v. Pike*, 211 F.3d 385, 389 (7th Cir. 2000).

Although a valid appellate waiver may be binding in other respects, it does not preclude judicial review of a claim that the plea agreement itself was the product of ineffective assistance of counsel. *Jemison*, 237 F.3d at 917. Therefore, if the defendant can demonstrate ineffective assistance of counsel with respect to the negotiation of the waiver, then the waiver is not effective against a § 2255 challenge. *Mason v. United States,* 211 F.3d 1065, 1069 (7th Cir. 2000). "Even an

ineffective assistance claim cannot survive a waiver unless the claim relates specifically to the voluntariness of the waiver itself." *Bridgeman v. United States,* 229 F.3d 589, 593 (7th Cir. 2000). That is, ineffective assistance claims related to anything other than the plea negotiation – related to counsel's performance at sentencing, for example – are barred by an enforceable waiver. *Id.*; *see also Jones,* 167 F.3d at 1145 ("[W]e reiterate that waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver."); *United States v. Behrman*, 235 F.3d 1049, 1052 (7th Cir. 2000) (finding that when petitioner surrendered the right to challenge his sentence on any grounds in a *voluntary* plea agreement, he had no viable theory for appeal).

### C. Ferguson's Motion to Vacate, Set Aside, or Correct Sentence

By couching her motion in terms of ineffective assistance of counsel during plea negotiations, Petitioner avoids some of the restrictions on challenging the enforceability of the waiver in her plea agreement. Since Petitioner's claim of ineffective assistance is directly related to the plea negotiations, it is not barred by her otherwise enforceable waiver. Still, her claim fails under a *Strickland* analysis and her claim of ineffective counsel as to sentencing will be dismissed.

#### 1. Enforceability of Appellate Waiver in Ferguson's Plea Agreement

Paragraphs one and two in section three of the plea agreement state in pertinent part:

(1) The Defendant understands that by pleading guilty, she is waiving all appellate issues that might have been available if she had exercised her right to trial. The Defendant states that she is fully satisfied with the representation she has received from her counsel, that they have discussed the Government's case, possible defenses and have explored all areas which the Defendant has requested relative to the Government's case and her defense.

(2) The Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence. Acknowledging all this, and in exchange for the recommendations and

concessions made by the Government in this plea agreement, the Defendant knowingly and voluntarily waives her right to contest any aspect of her conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court, the Defendant reserves the right to appeal the reasonableness of the sentence.

*United States v. Lisa Lynn Ferguson*, S.D. Ill., Criminal Case No. 06-40018-JLF (Doc. 17). The terms of this appellate waiver are express, unambiguous, and clear. Petitioner's own signature on the plea agreement supports the Court's finding that she entered it knowingly and voluntarily. Petitioner acknowledges in her motion that she "waive[d] her right to contest any aspect of her conviction and sentence that could be contested under ... Title 28," which encompasses this collateral attack under § 2255. Petitioner's statements given during the August 14, 2006, change of plea hearing defeat her argument that the waiver was not knowing and voluntary because she specifically accepted the appellate waiver terms of the agreement after careful admonition:

> THE COURT: Okay. Now Mr. Roosevelt has gone over the indictment with you, and you do have a copy of it, do you not?
> MS. FERGUSON: Yes, Sir.
> THE COURT: And do you understand the charges that are placed against you in it?
> MS. FERGUSON: Yes, sir.
> THE COURT: Okay. And by the way, he's represented you for some time, has he not?
> MS. FERGUSON: Yes, sir.
> THE COURT: And are you satisfied with his services?
> MS. FERGUSON: Yes, sir.
> THE COURT: Now you want to change your plea from not guilty to guilty. Is that what you want to do here this morning?
> MS. FERGUSON: Yes, sir.
> THE COURT: I've been presented with a plea agreement, and I'm going to ask Mr. Cutchin, on behalf of the Government, to go over the highlights of this plea agreement. I want you to listen to that carefully. I want you to tell me if you disagree with anything that he says with regard to this.
> MS. FERGUSON: Okay.
>
> ….

> MR. CUTCHIN: … The plea agreement does contain the possibility of a Rule 35 if the defendant continues her cooperation, and it does contain a waiver of appeal rights. *And that would include both her direct appeal rights as well as any right to file a collateral attack motion under Section 2255.*
> THE COURT: Do you have any questions about any of that, Ms. Ferguson?
> MS. FERGUSON: No sir.
> THE COURT: So it looks to me like you're pleading according to the Government's recommendation, to at least a minimum of 135 months, possibly up to 210 months.
> MS. FERGUSON: Yes, sir.
> THE COURT: Do you understand that?
> MS. FERGUSON: Yes, Sir.
> THE COURT: All right, has anybody told you that you had to come here and plead guilty?
> MS. FERGUSON: No, sir.
> THE COURT: *Have there been any promises of any kind made to you, other than what's contained in the plea agreement?*
> MS. FERGUSON: *No Sir.*
> THE COURT: Have you been forced in any way to come here?
> MS. FERGUSON: No sir.

*United States v. Lisa Lynn Ferguson*, S.D. Ill., Criminal Case No. 06-40018-JLF (Doc. 19) (emphasis added). Petitioner knowingly and voluntarily entered into the plea agreement, and her waiver of appellate and collateral attack rights was clear and unambiguous.

## 2. Ineffective Assistance of Counsel During Plea Negotiation

Petitioner Ferguson's otherwise enforceable waiver does not bar her ineffective assistance of counsel claim insofar as that claim specifically attacks the negotiation of the waiver. *See Jones*, 167 F.3d at 1145. Specifically, she argues that Attorney Roosevelt's promises to her caused her to waive her appellate and collateral attack rights. She must show both the objectively deficient performance of her attorney during plea negotiations and an actual prejudice to her defense that would not have occurred but-for her attorney's ineffectiveness. She cannot meet her burden on either, so her waiver stands.

Petitioner claims that Attorney Roosevelt promised her that (1) she would not receive a

sentence exceeding that of co-conspirator Thomas Leonard and (2) the Government would file a Rule 35 motion within one year of the date of sentencing (Doc. 4 at 17). Attorney Roosevelt's affidavit, attached to the Government's response, states that:

> (1) he "at no time stated or represented to Lisa Ferguson that her sentence would be similar, lesser than, or the comparable to the sentence of Thomas M. Leonard," and
>
> (2) the plea agreement "clearly points out that the decision to file a Rule 35 is solely in the discretion of the government" (Doc. 8, Ex. 1).

Notably, Petitioner's sentence was reduced under Rule 35 within one year of sentencing. As set forth above, the plea colloquy makes clear that there were no promises made to her, other than what is contained in the plea agreement.

If Attorney Roosevelt mistakenly predicted the sentencing consequences of the plea agreement (not likely), "a mistaken prediction is not enough in itself to show deficient performance, even when that mistake is great." *United States v. Barnes*, 83 F.3d 934, 940 (7th Cir. 1996); *accord United States v. Arvanitis*, 902 F.2d 489, 494 (7th Cir. 1990). Petitioner cannot show that her counsel committed errors so serious as to fall below an objective standard of reasonable competence. Actually, it appears that he did a commendable job for a now ungrateful client. Because Petitioner cannot meet the first *Strickland* prong, there is no need to consider whether counsel's performance actually prejudiced her defense. *Slaughter*, 900 F.2d at 1124.

### 3. Claims of Ineffective Assistance of Counsel Not Directly Related to Plea Negotiation

Petitioner Ferguson's ineffective assistance of counsel claim fails as it relates to the plea negotiations; therefore, her appellate and § 2255 waiver is enforceable. As "only arguments that would nullify the plea itself survive," her waiver bars claims related to her sentence or the manner

in which her sentence was determined. *Behrman*, 235 F.3d at 1052. Consequently, the Court will not address how Attorney Roosevelt handled the sentencing hearing – specifically, by withdrawing the objections that were filed and by not calling witnesses to testify.

## CONCLUSION

Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED**, and this action is **DISMISSED with prejudice.** The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: 12/23/08

*s/ G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge